UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY L. LEWIS,<br><br>                  Plaintiff,<br><br>  v.<br><br>KING COUNTY, et al.,<br><br>                  Defendants. | Case No. C16-186 JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

       On February 8, 2016, defendants removed this case from King County Superior Court. Dkt. 1. Defendants filed an answer to plaintiff's complaint (Dkt. 6), and on March 3, 2016, the Court entered a Pretrial Scheduling Order. Dkt. 9. On May 31, 2016, plaintiff asserted that defendants improperly removed this case from King County Superior Court. Dkt. 16. In particular, plaintiff argued that the removal interfered with a court-ordered arbitration. *Id*. at 7. The Court construed plaintiff's response as a motion to remand and ordered defendants to respond. Dkt. 17. Defendants did so on June 23, 2016. Dkt. 18.

       In the meantime, plaintiff was transferred to another facility and because it appeared he may not have received defendants' June 23, 2016 response, the Court directed defendants to serve plaintiff at his new address at the Washington State Penitentiary and directed plaintiff to file his reply by July 25, 2016. Dkt. 21. Defendants served plaintiff by mail at his new address and the address that was currently on file with the court. Dkt. 23. Plaintiff received the

REPORT AND RECOMMENDATION - 1

defendants' responses and filed his own reply on July 1, 2016. Dkt. 22. After it appeared the parties had been given more than ample time to brief the remand issue, on August 2, 2016, the Court denied the plaintiff's motion to remand. Dkt. 25.

On August 11, 2016, plaintiff filed a pleading entitled "Notice to Court Plaintiff Taken Leave of this Cause," stating that he feels he must re-examine his cause of action, legal issues, and attempt to fine legal support or counsel. Dkt. 26. The Court interprets this as plaintiff's motion to voluntarily dismiss his case. The Court recommends **DISMISSING** this lawsuit without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(2).

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...." Fed.R.Civ.P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal.").

As previously noted, defendants have filed an answer to plaintiff's complaint.  The Court finds that defendants will not be unfairly prejudiced by a dismissal without prejudice given that this litigation is in its early stages and neither the Court nor the parties have yet invested a lot of time or resources.

## CONCLUSION

The Court recommends **DISMISSING** this lawsuit without prejudice.  If it is not plaintiff's intention to voluntarily dismiss his lawsuit, he should so state in his objections.  Any objections to this Recommendation must be filed no later than **Thursday, September 8, 2016.**  The Clerk should note the matter for **Monday, September 12, 2016**, as ready for the District Judge's consideration if no objections are filed.  Objections shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this <u>18th</u> day of August, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge